UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> JOHN DOE, subscriber assigned IP address ) <br> 24.12.11.240 ) <br> Defendant. ) | Civil Case No. 1:18-cv-06031 <br><br> Judge John J. Tharp, Jr. |

**DEFENDANT DOE'S (IP ADDRESS 24.12.11.240) MEMORANDUM IN SUPPORT OF DEFENDANT'S COMBINED MOTION TO PROCEED ANONYMOUSLY AND MOTION FOR A PROTECTIVE ORDER**

Defendant John Doe, subscriber assigned IP address 24.12.11.240 ("Defendant"), by and through counsel, files this Memorandum concurrently with its Motion for an Order from the Court permitting Defendant to proceed anonymously throughout this case and for a Protective Order, pursuant to Rule 5.2(e) and/or 26(c) of the Federal Rules of Civil Procedure, which prohibits any party from publicly disclosing any information relating to Defendant that Plaintiff Strike 3 Holdings, LLC, ("Plaintiff") receives in response to its Rule 45 subpoena issued to Defendant's internet service provider ("ISP"). In support of this motion, Defendant states as follows:

### I.     INTRODUCTION

On September 4, 2018, Plaintiff filed a copyright infringement action against Defendant for allegedly illegally downloading and distributing its pornographic movies using the BitTorrent protocol. (ECF Doc. 1). Upon Plaintiff's motion for leave to conduct expedited discovery, the Court entered an Order permitting Plaintiff to serve a third-party subpoena on ISP. (ECF Doc. 7,

1

11). Plaintiff sought to obtain the identity and residence address of Defendant, who is the account holder of the IP address alleged by Plaintiff to have been used for the alleged unauthorized downloading of its copyrighted works. The Court's Order provided that "Plaintiff's counsel is directed to provide the person identified by that information with a copy of this order, and a copy of the 8/24/15 order entered in case number 15 C 5500, via overnight delivery. The Doe defendant so identified shall have 30 days from the date he or she receives a copy of the orders to file an objection or other appropriate motion with this Court. The Doe defendant may proceed in this case by pseudonym (based on his or her Doe number or IP address) until further order."

Defendant files this motion out of an abundance of caution seeking an Order from the Court permitting Defendant to proceed anonymously throughout this case and for a Protective Order, pursuant to Rule 5.2(e) and/or 26(c) of the Federal Rules of Civil Procedure, which prohibits any party from publicly disclosing any information relating to Defendant that Plaintiff receives in response to its Rule 45 subpoena served on Defendant's ISP.

## II. LEGAL STANDARD

Rule 26(c)(1) of the Federal Rules of Civil Procedure allows the court to issue a protective order for "good cause" to "protect a party or person from . . . embarrassment." In addition to Rule 26, Rule 5.2(d) and (e) also permit a Court to seal or redact portions of judicial records upon a showing of "good cause." Rule 5.2 is not limited to "discovery" and authorizes courts to order sealed filings and/or "filings."

Permitting a party to proceed anonymously is within the court's discretion. K.F.P. v. Dane Cnty., 110 F.3d 516, 519 (7th Cir. 1997). Fed. R. Civ. P. 10 provides that the complaint shall identify the names of all of the parties to the suit. Fed. R. Civ. P. 10(a). Permitting parties

to proceed anonymously is generally disfavored in the absence of exceptional circumstances. See Doe 3 v. Elmbrook Sch. Dist., 658 F.3d 710, 721 (7th Cir. 2011), vacated on other grounds 687 F.3d 840 (7th Cir. 2012). However, "the judge has an independent duty to determine whether exceptional circumstances justify" allowing a party to proceed anonymously, in a departure from the usual method of proceeding in federal courts. Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 872 (7th Cir. 1997) (citing United States v. Microsoft Corp., 56 F.3d 1148, 1463-64 (D.C. Cir. 1995)). Fictitious names have been allowed "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." Id. "A party may nevertheless proceed anonymously if the harm done to him as a result of publicly disclosing his identity outweighs the likely harm that concealment of his identity would cause to the public and the opposing party." K.F.P. v. Dane Cnty., 110 F.3d 516, 519 (7th Cir. 1997).

### III.  LEGAL ARGUMENT

**A. Defendant Should Be Permitted to Proceed Anonymously To Avoid Undue Prejudice and Pressure to Settle Pornographic Copyright Claims**

In this case, Defendant seeks a protective order to preserve privacy in a matter of a sensitive and highly personal nature as the present lawsuit involves graphic pornography. Courts in similar BitTorrent cases have allowed John Doe defendants to proceed anonymously due to the "highly sensitive nature and privacy issues that could be involved with being linked to a pornography film." *Next Phase Distribution, Inc. v. Does 1-138,* No. 11-09706 (ECF Doc. 9), 2012 WL 691830 (S.D.N.Y. March 1, 2012) (citing *Digital Sin, Inc. v. Does 1-5698,* No. C11-04397 (ECF No. 11), 2011 WL 5362068, at *4 (N.D. Cal. Nov. 4, 2011). *See also Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 73.110.3.202*, No. 1:18-cv-04297 (ECF

3

Doc. 21), NDIL September 9, 2018).

In the instant case, Plaintiff accuses Defendant of illegally downloading numerous films that involve, on information and belief, explicit nude content. This fact creates a significant "risk of embarrassment" to Defendant as well as Defendant's family, colleagues, neighbors, friends, customers, and/or employers. *Aerosoft GMBH v. Does 1-50,* No. 12-21489 (ECF Doc. 6), 2012 U.S. Dist. LEXIS 68709 (S.D. Fla. May 16, 2012) (citing *Digital Sin, Inc.,v. John Doe 25,* 12-00126 (ECF Doc. 6), 2012 U.S. Dist. LEXIS 10803 (S.D.N.Y. Jan. 30, 2012) at *8-11). The risk of embarrassment to Defendant is obvious; in addition there exists the risk of embarrassment to Defendant as well as possible repercussions involving Defendant's family, colleagues, neighbors, friends, customers, and/or employers including adverse employment actions. Anonymity of the Defendant in this case should be permitted not only to protect Defendant's privacy, but to avoid in the interest of justice the concomitant pressure to settle disputed claims simply to avoid the publicity of highly embarrassing material.

At this stage of the proceedings, there remains the risk of a false positive, i.e. that the Internet subscriber identified by Plaintiff is not in fact the actual wrongdoer. Courts in this district have recognized that a "'disputed allegation that Doe illegally downloaded (and presumably viewed) a pornographic movie' is a sensitive and personal matter that justifies preserving defendant's anonymity." Malibu Media, LLC v. John Does 1-21, et al., 12-cv-9656 (N.D. Ill. June 6, 2013) (quoting Sunlust Pictures LLC v. Does 1-75, 12-cv-1546, 2012 WL 3717768 (N.D. Ill. Aug. 27, 2012). Further, courts have noted the potential for embarrassment associated with these cases provides leverage to the plaintiff in negotiating settlement justifies protection of defendants' identities from public disclosure. Id. *See generally*, "*Copyright False Positives*" by Ben Depoorter, University of California, Hastings, Professor of Law & Roger E. Traynor Research Chair & Stanford Center for Internet & Society, Affiliate Scholar, and Robert

4

Kirk Walker, Research Fellow, Technology and Privacy Project, U.C. Hastings, found at http://repository.uchastings.edu/faculty_scholarship/1013, last accessed on January 12, 2018.

Moreover, even in cases not involving pornography the risks of false identification (aka "false positives") are a recognized possibility. For example, the Honorable Sara L. Ellis found: **"This Court agrees with those courts that have found that the plaintiff needs to allege more than just the registration of an IP address to an individual in order to proceed against that individual for copyright infringement."** *PTG NEVADA, LLC, Plaintiff, v. WAI CHAN, STEPHANI FEDOROVICH, and MICHAEL AFFRUNTI, Defendants., 16-cv-1621* ECF Doc. 75 (NDIL).

Numerous judges in the Northern District of Illinois have ruled on this same issue. See, e.g., Malibu Media, LLC v. Doe, 13-cv-02428, ECF Document #16 (N.D. Ill. July 2, 2013) (Order denying a motion to quash but granting motion to proceed anonymously); Malibu Media, LLC v. Does 1-23, 12-cv09724, ECF Document #25, (N.D. Ill. June 21, 2013) (same); Malibu Media, LLC v. John Does 1-6, 12-cv-08903, ECF Document #25, (N.D. Ill. May 17, 2013) (same); Malibu Media, LLC v. Doe 1 et al, 12-cv-01493, ECF Document #10 (N.D. Ill. April 3, 2013) (same); Malibu Media, LLC v. John Does 1-37, 12-cv-06674, ECF Document #44 (N.D. Ill. March 14, 2013) (same); Malibu Media, LLC v. John Does 1-62, 12-cv-07577, ECF Document #34 (N.D. Ill. Feb. 28,2013) (same); AF Holdings LLC, v. John Doe, 12-cv-04222, ECF Document #17 (N.D. Ill. Nov. 13, 2012) (same).

Here, the circumstances pertaining to the Defendant are exceptional, while the harm to the public interest is minimal. Permitting Defendant to proceed anonymously will not prejudice the Plaintiff. Therefore, Defendant should be allowed to proceed anonymously. Defendant here is merely an internet account holder, which is not the same as being the actual infringer. If courts do not permit parties in these types of cases to proceed anonymously, it may deter many

innocent people from defending themselves in court. This Court should remove the undue pressure on Defendant to settle merely to avoid public scrutiny of these pornographic claims. This will be accomplished by allowing Defendant to proceed anonymously.

**B. A Protective Order Should Be Entered to Prevent Public Disclosure of Defendant's Personal Information**

A protective order prohibiting the public disclosure of confidential information relating to Defendant obtained through the Rule 45 subpoena issued to Defendant's ISP is proper because if Plaintiff were permitted to publicly present its allegations against Defendant without justification, Defendant would be subject to embarrassment, injury to Defendant's character and reputation, and potential injury to Defendant's employment. Further, even if Defendant is successful in defeating Plaintiff's claims against him and demonstrates that the claims are false, the embarrassment and reputational damage will have already occurred and cannot be undone. By entering the requested protective order, the Court can prevent these harms to Defendant, while still allowing the Plaintiff to proceed with its case. Such a protective order is appropriate in this situation, and would not prejudice the Plaintiff.

## CONCLUSION

Defendant should be allowed to proceed anonymously to promote justice by removing undue pressure to settle simply because of the graphic pornographic nature of Plaintiff's claims, and because there are substantial privacy interests at issue as well as an enormous risk of embarrassment. Furthermore, in implementing its balancing test, this Court should consider the known risk of false identification ("false positives") in making allegations against an ISP subscriber simply from an IP address, which may be spoofed. Based on the foregoing, this Court should find good cause to allow Defendant to proceed in the litigation anonymously.

WHEREFORE, Defendant, subscriber assigned IP address 24.12.11.240, respectfully requests this Court grant this Motion and enter an Order allowing Defendant to appear anonymously and for issuance of a protective order prohibiting the disclosure of Defendant's information without the Court's prior authorization.

Accordingly, Defendant respectfully asks this Court to allow Defendant to proceed anonymously and to enter a protective order providing:

1. Defendant, subscriber assigned IP address 24.12.11.240 shall proceed anonymously, as a "John Doe," in this matter; and

2. Plaintiff will maintain confidential and not disclose publicly or in this Court (except under seal) any information relating to Defendant that Plaintiff Strike 3 Holdings, LLC receives in response to its Rule 45 subpoena issued to Defendant's Internet Service Provider ("ISP"), including the identity and contact information of this Defendant.

Respectfully submitted,

By: s/ Jeffrey J. Antonelli
Jeffrey J. Antonelli
Attorney for Defendant
Antonelli Law, Ltd.
35 East Wacker Drive
Suite 1875
Chicago, IL 60601
Telephone: (312) 201-8310
E-Mail: jeffrey@antonelli-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Marc Craig Smith
Fox Rothschild LLP
353 N. Clark Street
Suite 3650
Chicago, IL 60654
312 517-9238
Active (fax)
mcsmith@foxrothschild.com

                                           By:    s/ Jeffrey J. Antonelli
                                                          Jeffrey J. Antonelli
                                                          Attorney for Defendant
                                                          Antonelli Law, Ltd.
                                                          35 East Wacker Drive
                                                          Suite 1875
                                                          Chicago, IL 60601
                                                          Telephone: (312) 201-8310
                                                          E-Mail: jeffrey@antonelli-law.com